**JAMES JEWETT** et al, Plaintiffs, v **MORTON RECHLER** et al., Defendants and First and Second Third-Party Plaintiffs-Appellants. **CHEMICAL BANK**, Second Third-Party Defendant-Respondent

Nearly two years after being brought in as a third-party defendant in this action to recover damages for personal injuries, etc., the Bank moved on the first day of trial to amend its answer to include the affirmative defense of release. The trial court declared a mistrial and directed the Bank to make its motion in writing, which the Bank did. The motion was granted and all claims and cross claims as against the Bank were dismissed.

The release provision upon which the Bank relies is con-

tained in a lease between We're Associates as landlord and the Bank as tenant. That provision reads as follows: "Each party hereby releases the other party in respect of any claim (including a claim for negligence) which it might otherwise have against the other party for loss, damage or destruction to its property by fire or other casualty occurring during the terms of this lease. The waiver of subrogation or permission for release referred to herein shall extend to the agents of each party and its and their employees and, in the case of Tenant, shall also extend to any other person occupying or using the Demised Premises, but only if and to the extent that such waiver or permission can be obtained without additional charge (unless such party shall pay such charge)."

We agree with We're Associates that the release provision is applicable only to property damage, and not personal injury claims. "[T]he law frowns upon contracts intended to exculpate a party from the consequences of his own negligence and though, with certain exceptions, they are enforceable, such agreements are subject to close judicial scrutiny" *(Gross v Sweet,* 49 NY2d 102, 106). The courts insist that it must be absolutely clear that such was the understanding of the parties *(Van Dyke Prods. v Eastman Kodak Co.,* 12 NY2d 301). In the absence of unmistakable language to the contrary, we find that the exculpatory provision does not release the Bank from liability in personal injury actions.

In view of the above finding, we need not consider the parties' remaining contention. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.